## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Jorrell Lambert,

                Plaintiff,           Case No. 21-12929

v.                                Judith E. Levy
                                United States District Judge

City of Saginaw and Jonathan
Bayerlein,                      Mag. Judge Patricia T. Morris

                Defendants.

_____/

## ORDER DENYING PLAINTIFF'S EX PARTE
## MOTION TO FILE EXHIBIT IN TRADITIONAL MANNER [25]
## WITHOUT PREJUDICE AND ORDERING DEFENDANTS TO
## RESPOND TO PLAINTIFF'S MOTION FOR LEAVE TO FILE
## <u>EXHIBIT 6 UNDER SEAL [26]</u>

Before the Court is Plaintiff Jorrell Lambert's ex parte motion to

file Exhibit 1 in the traditional manner. (ECF No. 25.) In the motion,

Plaintiff explains that "Exhibit 1 is a disk containing copies of body cam

videos of Defendant [Jonathan] Bayerlein, Officer Mawer and Officer

Lautner." (*Id.* at PageID.163.) However, Rule 19(c) the Eastern District

of Michigan's Electronic Filing Policies and Procedures provides:

> Media files (see R1(i)), such as an audio clip or video clip, may
> be filed only with leave of court. A filing user must file a

motion for leave in accordance with L.R. 7.1 and include the following:

(1)   A statement regarding concurrence pursuant to L.R. 7.1(a);

(2)   A description of the content of the media file;

(3)   A concise explanation of how the media file provides factual support to the motion, response, reply or memorandum;

(4)   Whether the media file has been or will be used in a court proceeding; and

(5)   Whether the content of the media file complies with the privacy protections outlined in the E-Government Act of 2002 and all other applicable law (see R21).

If the Court grants the motion, the filing user must provide a timestamp reference to the part of the media file that is offered in support of the corresponding paper (see R6). All audible portions of a media file must be transcribed; the transcript must be filed in written form as an exhibit to the paper (see R19(a)).

The approved media file exhibit is submitted using the electronic portal called "Media File Upload" located in the ECF system and then must be filed according to the following procedures:

(1)   The filing user must prepare an index of exhibits. This index must be filed as an attachment to the main paper and must state that the media file exhibit is being filed under this rule.

(2)   The filing user shall file the media file exhibit via the portal. The Clerk's Office will note on the docket its receipt of the exhibit.

(3)   The filing user shall file the transcription of any audible portions of the media file as an attachment to the main paper.

>    (4)    A filing user must serve materials filed under this
>           rule on other parties in accordance with the federal
>           and local rules, and file a certificate of service.
>
>    Files submitted without leave, not in the proper format or not
>    in compliance with the above procedures may be stricken.

Because Plaintiff's ex parte motion does not comply with the requirements of Rule 19(c), the Court denies the motion without prejudice.

Also before the Court is Plaintiff's motion for leave to file Exhibit 6 to Plaintiff's summary judgment response under seal. (ECF No. 26.) In the motion, Plaintiff seeks "an order allowing plaintiff to file [E]xhibit []6 under seal or alternatively enter an order requiring plaintiff to file them in the public record." (*Id.* at PageID.176.) Plaintiff also filed a sealed copy of Exhibit 6 (ECF No. 27), which is a policy and procedure order from the Saginaw Police Department tiled "Response to Resistance" and dated September 28, 2017. (*See* ECF No. 26, PageID.174; ECF No. 27, PageID.180.)

Eastern District of Michigan Local Rule 5.3 governs civil material filed under seal. A request for a seal must be "narrowly tailored . . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2). The Court may grant a motion to seal "only upon a finding of a compelling reason why

3

certain documents or portions thereof should be sealed." E.D. Mich. LR 5.3(b)(3)(C)(i).

Even if no party objects to a motion to seal, "[t]here is a strong presumption in favor of open judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). "The burden of overcoming that presumption is borne by the party that seeks to seal them." *Id.* (citation omitted). "[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983)). Additionally, the Court must consider the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Id.* In the context of motions to seal police use of force policies, at least one court in this District has previously held that there is a substantial public interest in the disclosure of such policies. *See Hermiz v. Budzynowski*, No. 16-11214, 2017 WL 1245079, at *3 (E.D. Mich. Apr. 5, 2017) (Lawson, J.).

Here, Plaintiff explains that Exhibit 6 was designated as "CONFIDENTIAL" by Defendants pursuant to the stipulated protective order. (ECF No. 26, PageID.174.) Plaintiff also states that "concurrence was sought for filing the documents without seal and such concurrence was not obtained." (*Id.* at PageID.168.) As Defendants are the party opposing public disclosure of the "Response to Resistance" policy, the Court requires them to provide "a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority." E.D. Mich. LR 5.3(b)(3)(A)(iv).

Accordingly, the Court DENIES Plaintiff's ex parte motion to file Exhibit 1 in the traditional manner (ECF No. 25) WITHOUT PREJUDICE. Plaintiff must file a corrected motion consistent with Rule 19(c) by **Wednesday, May 3, 2023.**

The Court also ORDERS Defendants to respond to Plaintiff's motion for leave to file Exhibit 6 under seal (ECF No. 26) by **Wednesday, May 3, 2023**.

IT IS SO ORDERED.

Dated: April 28, 2023                          s/Judith E. Levy
Ann Arbor, Michigan                        JUDITH E. LEVY
                                                         United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 28, 2023.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager