## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Jorrell Lambert,

      Plaintiff,   Case No. 21-12929

v.          Judith E. Levy
           United States District Judge
City of Saginaw and Jonathan
Bayerlein,       Mag. Judge Patricia T. Morris

       Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR
## LEAVE TO FILE EXHIBIT 6 UNDER SEAL [26]

On April 27, 2023, Plaintiff Jorrell Lambert filed a motion for leave
to file Exhibit 6 to Plaintiff's summary judgment response under seal.
(ECF No. 26.) Plaintiff also filed a sealed copy of Exhibit 6 (ECF No. 27),
which is a policy and procedure order from the Saginaw Police
Department tiled "Response to Resistance" and dated September 28,
2017 (the "2017 Policy"). (*See* ECF No. 26, PageID.174; ECF No. 27,
PageID.180.) In his motion, Plaintiff explains that Exhibit 6 was
designated as "CONFIDENTIAL" by Defendants City of Saginaw and
Jonathan Bayerlein pursuant to a stipulated protective order and that

"concurrence was sought for filing the documents without seal and such concurrence was not obtained." (*See* ECF No. 26, PageID.168.) On April 28, 2023, the Court ordered Defendants to respond to the motion and "provide 'a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority.'" (ECF No. 29, PageID.599 (quoting E.D. Mich. LR 5.3(b)(3)(A)(iv)).) Defendants timely filed their response in support of the motion.[1] (ECF No. 32.)

Eastern District of Michigan Local Rule 5.3 governs civil material filed under seal. A request for a seal must be "narrowly tailored . . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2). The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." E.D. Mich. LR 5.3(b)(3)(C)(i).

---

[1] In their response, Defendants indicate that they "were not able to provide concurrence in the Motion because Plaintiff sought concurrence by email at 10:02AM on April 27, 2023, which was not seen by Defendants' counsel prior to the filing of the Motion on the same day at 11:17AM." (ECF No. 32, PageID.611 n.1.) The Court notes that such conduct does not comply with Eastern District of Michigan Local Rule 7.1(a).

Even if no party objects to a motion to seal, "[t]here is a 'strong presumption in favor of open[ ] judicial records." *Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831 (6th Cir. 2017) (second alteration in original) (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). "The burden of overcoming that presumption is borne by the party that seeks to seal them. . . . 'Only the most compelling reasons can justify non-disclosure of judicial records.'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (citations omitted). "The proponent of sealing therefore must 'analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations.'" *Id.* at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 548 (7th Cir. 2002)). Even if a party establishes a compelling reason for nondisclosure, "the seal itself must be narrowly tailored to serve that reason." *Id.* at 305 (citation omitted). "[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Id.* at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). Additionally, the Court must consider the following three factors: "why the interests in support

of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Id.*

In their response, Defendants assert that sealing Exhibit 6 satisfies the *Shane* factors and urge the Court to grant Plaintiff's motion. (*See* ECF No. 32, PageID.611–613.) Defendants explain that "Exhibit No. 6 is a City of Saginaw Police Department ("SPD") <u>internal</u> policy and procedure document regarding the response to resistance and use of force" and that "[p]roliferation of this document could have dire consequences for the safety of the members of the SPD as well as its operations." (*Id.* at PageID.611 (emphasis in original).) Defendants also state:

> With escalating violence playing out on streets across the Country, it is paramount that the policies police officers follow establishing when it is permissible to use force, and to escalate force, be maintained confidential. This confidentiality disallows any potential for an individual to take advantage of a use of force policy in a manner that allows them to gain a tactical upper hand in a confrontation with an officer. The mere possibility that the policy could be used to cause injury upon an officer supports nondisclosure under the *Shane* analysis. Conversely, access to the use of force policy by the general public only benefits those members of the public that intend to push the limits thereof. Importantly, an Order granting admission of the policy under seal simply limits access to the policy to those asserting the policy has been breached by an officer. Finally, the policy is not the type of document that has information that may be separated out

4

as non-exempt, and as such the request to enter its entirety
under the seal is no broader than necessary"

(*Id.* at PageID.612–613.)

As an initial matter, Defendants' response does not provide "a
detailed analysis, *with supporting evidence and legal citations*,
demonstrating that the request to seal satisfies controlling legal
authority." *See* E.D. Mich. LR 5.3(b)(3)(A)(iv) (emphasis added); *see also
Shane*, 825 F.3d at 305–06. In fact, Defendants offer no evidence or legal
authority whatsoever to support their claims regarding the alleged
dangers to officers. (*See* ECF No. 32, PageID.612–613.) As Judge Lawson
succinctly explained in a similar case:

> The defendants' vaguely phrased fears of compromising police
> operations are inadequate to justify sealing because
> proponents of closure bear the burden of showing that
> disclosure will work a clearly defined and serious injury[.] In
> delineating the injury to be prevented, specificity is essential,
> but, just as in *Shane*, the defendants here offer[ ] only
> platitudes in their perfunctory briefing in support of the
> motion to seal.

*Hermiz v. Budzynowski*, No. 16-11214, 2017 WL 1245079, at *3 (E.D.
Mich. Apr. 5, 2017) (Lawson, J.) (alterations in original) (internal

quotations and citations omitted).[2] As in *Hermiz*, Defendants'
perfunctory assertions that disclosure of the 2017 Policy would result in
dangers to officers are insufficient to carry Defendants' burden of
establishing a compelling reason for nondisclosure under *Shane* or Local
Rule 5.3.

Setting aside the deficiencies in Defendants response, the Court is
not persuaded that disclosure of the 2017 Policy would endanger officers,
as the 2017 Policy does not appear to be the current "Response to
Resistance" policy for the Saginaw Police Department. Based on public
records, it appears that the 2017 Policy was revised in June 2020
following the death of George Floyd—a change that was publicized by the
City of Saginaw itself. *See City of Saginaw releases updated SPD Use of
Force policy*, City of Saginaw, https://www.saginaw-
mi.com/news_detail_T5_R88.php (last visited May 5, 2023)
[https://perma.cc/2KCA-F39P]; Riley Murdock, *Saginaw police release
new use-of-force policy*, MLive (June 25, 2020, 4:02 PM),
https://www.mlive.com/news/saginaw-bay-city/2020/06/saginaw-police-

---

[2] Defendants' attempt to distinguish *Hermiz,* based solely on their unsupported
assertion that "the world has changed since the *Hermiz* motion was decided" (ECF
No. 32, PageID.612), is unavailing.

release-new-use-of-force-policy.html [https://perma.cc/4XL5-SJEC,

https://perma.cc/J2ZR-G67C].[3] While it is not clear what occurred

following this announcement in June 2020, the Court questions whether

the 2017 Policy is currently in use by the Saginaw Police Department,

and Defendants have offered no evidence to suggest the 2017 Policy is

still in effect.

Additionally, the Court notes that the Michigan Court of Appeals

recently held in a published opinion that police department use-of-force

policies are subject to disclosure under Michigan's Freedom of

Information Act ("FOIA"), Mich. Comp. Laws § 15.231–15.246. *Hjerstedt*

*v. City of Sault Ste. Marie*, No. 358803, --- N.W.2d ----, 2023 WL 2144757,

at *4–8 (Mich. Ct. App. Feb. 21, 2023). In *Hjerstedt*, the Court of Appeals

rejected arguments like those Defendants offer here:

> [T]he city failed to identify any evidence to support former
> Chief Riley and Chief Bierling's speculative testimony that
> the disclosure "would or could" potentially endanger the
> officers. It was the city's burden to produce particularized
> evidence that disclosure would endanger law enforcement
> personnel. Former Chief Riley and Chief Bierling's

---

[3] The MLive article includes an embedded copy of the revised policy and
procedure order from the Saginaw Police Department. *See* Murdock, *supra*. The
revised policy is dated June 22, 2020 and—like the 2017 Policy— is titled "Response
to Resistance," has an "Order No." of "PP-01," and was issued by "Robert M. Ruth,
Chief of Police." *Id.* (*See also* ECF No. 27, PageID.180.)

> speculative opinion testimony is based on the tenuous claim
> that "potential suspects" could study the redacted portions of
> the policy and, somehow, circumvent an officer's use-of-force,
> which would allegedly aid the suspect in resisting arrest. The
> city failed to present factual evidence that this scenario was
> certain to occur. As discussed previously, numerous other
> jurisdictions (even those that routinely perform joint
> operations with the city's police department) have opted to
> make their use-of-force policies easily available to the public
> via the internet. Given this easy and widespread exposure,
> and the similarity in subject matter discussed, it is telling
> that the city could not produce any particularized evidence
> that the availability of these policies has resulted in
> endangerment of the life or safety of law enforcement officers,
> their families, or the general public. Chief Riley and Chief
> Bierling's speculative affidavits are insufficient to establish
> the necessary proof. The city has failed to present factual
> evidence to establish that the public's knowledge of the
> redacted portions of the policy would endanger the officers.

*Id*. at *8 (citation omitted). That the 2017 Policy is likely subject to

disclosure under Michigan's FOIA further cuts against Defendants'

arguments against disclosure in this case. *Cf. Hermiz*, 2017 WL 1245079,

at *2 (finding that Michigan's FOIA statute did not require use-of-force

policies to be withheld).

As such, the Court concludes that Defendants have failed to meet

their burden in demonstrating a compelling interest to justify

nondisclosure of the 2017 Policy. Accordingly, the Court DENIES

Plaintiff's motion for leave to file Exhibit 6 under seal. (ECF No. 26.)

The Court also ORDERS Plaintiff to file an unrestricted copy of Exhibit 6 by **May 9, 2023**.

IT IS SO ORDERED.

Dated: May 8, 2023                    s/Judith E. Levy
Ann Arbor, Michigan                   JUDITH E. LEVY
                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 8, 2023.

                                      s/William Barkholz
                                      WILLIAM BARKHOLZ
                                      Case Manager

9